

# In the Court of Criminal Appeals of Texas

Nos. PD-0197-22, PD-0198-22, PD-0199-22

FRANCISCO DELAROSA, JR., *Appellant*

v.

THE STATE OF TEXAS

On Appellant's Petition for Discretionary Review
From the Ninth Court of Appeals
Liberty County

YEARY, J., filed a dissenting opinion.

Appellant presented the Court with two grounds for review. The first asked the Court to assess whether the court of appeals erred "by finding the evidence sufficient to convict [him] of sexual assault." And the second asked whether the court of appeals erred "in finding that the

jury charge did not egregiously harm [him] when it instructed the jury on an offense that [he] was not charged with" committing.

## I.      Sufficiency of the Evidence

Because it is the easier question, I will address sufficiency of the evidence first. Appellant's first ground for review begins from a flawed premise. He was not convicted of "sexual assault." *See* TEX. PENAL CODE § 21.011(a)(1) (Sexual Assault). If he had been, then he might have been right about the evidence being insufficient to sustain his conviction. I have seen no evidence in the record of this case demonstrating that Appellant's actions were committed without the consent of the victim as would be required to sustain a conviction for that offense. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979) (establishing the standard for measuring sufficiency of the evidence).

The jury's verdicts, instead, found Appellant guilty of sexual assault of a child. Likewise, his judgments reflect convictions for sexual assault of a child. *See* TEX. PENAL CODE § 21.011(a)(2) (Sexual Assault of a Child). It seems to me that the starting point of any review of the sufficiency of the evidence to sustain a conviction is an examination of the substantive elements of the offense for which the defendant was actually convicted, and the substantive elements of *that* offense as defined by state law—not an offense the jury might have convicted him of had the trial court's instructions to the jury been given differently. *See In re Winship*, 397 U.S. 358, 364 (1970) ("[W]e explicitly hold that the Due Process Clause protects the accused against *conviction* except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.")(emphasis added);

*Jackson*, 443 U.S. at 324 n.16 (explaining that the standard of review for sufficiency of the evidence "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law"). In this light, it is clear to me that the evidence was manifestly legally sufficient to show that Appellant committed sexual assault of a child—the offense for which he was actually convicted.

The court of appeals measured the sufficiency of the evidence against the elements of an offense Appellant was charged with committing—non-consensual sexual assault—but one that was not ultimately submitted to the jury for its consideration. Appellant was not found by the jury to be guilty of *that* offense, and he has not been convicted of it in the judgments. In my view, by focusing on the sufficiency of the evidence to prove an offense Appellant was not convicted of, the court of appeals erred. The court of appeals also erred to order that Appellant's judgments be reformed to reflect convictions for sexual assault. The jury did not pass on that question by its verdicts, and Appellant has not been shown to have waived his right to a jury trial for that offense. *See* TEX. CODE CRIM. PROC. art. 1.13 (explaining that a defendant's waiver of his right to a jury is only effective if the waiver occurs "in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the state.")

## II.    Submission of Charge on Sexual Assault of a Child

Appellant's second ground for review is more complicated. Appellant contends that he was "egregiously harm[ed]" because the trial court "instructed the jury on an offense that [he] was not charged with"

committing—sexual assault of a child. He must argue egregious harm because he made no objection to the jury charges on this basis at trial. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App.1985) (op. on reh'g). The application paragraph in the trial court's charges to the jury instructed it to answer whether Appellant was guilty of sexual assault of a child. Appellant contends that the sexual assault of a child instructions were both erroneous and egregiously harmful because they related to "unindicted offenses."

Regarding the adequacy of an indictment, Article 1, Section 10, of our state constitution provides in pertinent part:

> *no person shall be held to answer for a criminal offense unless on an indictment of a grand jury*, except in cases in which . . .

TEX. CONST. art. I, § 10 (emphasis added). Article 5, Section 12(b) of our state constitution further provides, in part, that:

> An indictment is a written instrument presented to a court by a grand jury *charging* a person with the commission of an offense.

TEX. CONST. art. V, § 12 (emphasis added). And finally, Article 21.01 of our Code of Criminal Procedure provides that "[a]n 'indictment' is the written statement of a grand jury *accusing* a person therein named of some act or omission which, by law, is declared to be an offense." TEX. CODE CRIM. PROC. art. 21.01 (emphasis added). So, before a person may, consistent with our constitution and in the absence of a waiver of the right to indictment, be put to trial for an ordinary felony offense, the person must first be "accus[ed]" or at least "charg[ed]" by a grand jury, in an indictment, with committing that offense.

It is true that the body of Appellant's indictment, following the words of commencement, seems without error to have accused him of committing ordinary sexual assault. As I pointed out earlier, to sustain a conviction for ordinary sexual assault as alleged in that part of his indictment would require proof that the victim did not consent to Appellant's conduct against her. TEX. PENAL CODE § 21.011(a)(1). It is also true that the evidence presented at Appellant's trial appears insufficient to sustain his conviction for that offense because it fails to show that the victim, even though a child, did not consent to Appellant's conduct in the sense required by that statute.

But Appellant's indictment—even if only by reference to language appearing in its caption—also seems to have "[c]harge[d]" Appellant with some other offenses, to wit: three counts of sexual assault of a child. This offense does not require evidence of the victim's lack of consent, and in place of that evidence requires only evidence that the victim was a child. TEX. PENAL CODE § 21.011(a)(2). For me, the truth of this is confirmed when I examine Appellant's indictment without the language accusing him of ordinary sexual assault. Here, I show what that would look like:

Assigned to the 253rd Judicial District Court

No. CR 34057

Bond Amount:_____

The State of Texas vs. FRANCISCO DELAROSA, JR.

DA Case # F14162

Charge: Count I - SEXUAL ASSAULT OF A CHILD      22.011(a)(2) Penal Code
TRN#9230702072 A001      WARRANT #F14162

Count II – SEXUAL ASSAULT OF A CHILD      22.011(a)(2) Penal Code
TRN#9230702072 D001

Count III – SEXUAL ASSAULT OF A CHILD      22.011(a)(2) Penal Code
TRN#9230702072 D002

Witness: Christine Ruiz    L.A.M., a pseudonym

---

### TRUE BILL OF INDICTMENT

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

_W.C.Hitt_
Foreman of the Grand Jury

This document states the name and number of the court where it is assigned, the cause number, the fact that it involves a case styled: "The State of Texas vs. [Appellant][,]" the fact that it purports to be a "TRUE BILL OF INDICTMENT[,]" and the fact that the "[c]harge" it relates to is three counts of sexual assault of a child. Finally, the document is signed by the "Foreman of the Grand Jury[,]" which is a clear indication that the "[c]harge[s]" in the indictment, in fact, reflect accusations made by the grand jury itself.

This examination of the indictment persuades me that, even

though Appellant's indictment contained arguable "defect[s], error[s], or irregularit[ies] of form or substance[,]" TEX. CODE CRIM. PROC. art. 1.14(b), it most certainly was "a written instrument presented to a court by a grand jury charging him with the commission of an offense." *See* TEX. CONST. art. V, § 12. Clearly Appellant's indictment charged him with sexual assault. But it also, within its caption, specified that it "[c]harge[d]" him with sexual assault of a child.

I must admit, my thinking about this case might differ had the word "Charge[,]" and the words "Count I[,]" "Count II[,]" and "Count III" not appeared in the part of the caption of the indictment that listed three counts of sexual assault of a child. Had those words been omitted, all that the caption would have included would have been a list of three penal offenses that were not alleged in the body of the indictment and that otherwise contained no indication that the grand jury had passed on their inclusion as allegations in the indictment. In that event, I might not have found it to be clear that the grand jury authorized Appellant to be tried for those offenses. But because those offenses were preceded by the words "Charge" and "Count[,]" it is clear to me that the grand jury's true bill of indictment indeed charged and accused Appellant of those sexual assault of a child offenses.

Furthermore, any effective counsel should have noticed the discrepancy between what was "[c]harge[d]" according to the caption of the indictment (sexual assault of a child), and the "sexual assault" offense that was otherwise alleged in the body of the indictment. The accused and his counsel could have argued, before the day of trial, that the indictment contained "a defect, error, or irregularity of form or

substance" in that the "[c]harge" as described by the caption—three counts of sexual assault of a child—was in conflict with the allegations in the body of the indictment, which accused him of only three counts of sexual assault. But Applicant did not raise that objection, so it is waived and forfeited. *See* TEX. CODE CRIM. PROC. art. 1.14(b) ("If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object[.]").[1]

In the absence of such an objection to the pleading, the trial court was authorized to submit the sexual assault of a child theory of the offense to the jury in its charges. I see no error in the jury charges arising from the fact that the trial court did so, at least in the application paragraph. For that reason, I would also reject Appellant's ground for

---

[1] I recognize the Court's argument that this places the defense in an odd position. *See* Majority Opinion at 17 ("It would be perverse to rescue the State from its inattention to that duty"—i.e., its duty to prepare the indictment—"by requiring an arguably deficient performance by defense counsel"—that is, to complain that the indictment charged a lesser offense than the State intended to charge). I have made a similar point in cases before this Court in which the trial court entered judgment for a greater offense than the jury verdict authorized because of a missing element from *the jury charge. See Do v. State*, 634 S.W.3d 883, 905 (Tex. Crim. App. 2021) (Yeary, J., dissenting); *Niles v. State*, 555 S.W.3d 562, 574 (Tex. Crim. App. 2018) (Yeary, J., dissenting). For example, in *Do* I wrote that, "[o]nce again, as in *Niles* . . . this Court puts the onus on a defendant to object on the State's behalf when the jury charge fails to require the jury to find an essential element of a greater-inclusive offense, thus, resulting in the defendant's *de facto* conviction for a lesser included offense." 634 S.W.3d at 905. The difference in this case is that, with respect to indictment errors, the Legislature—not this Court—has put the onus on defendants to object or waive any defect.

review alleging egregiously harmful jury charge error.[2]

### III.   Conclusion

Although not for the reasons stated by the court of appeals, the evidence is legally sufficient to sustain Appellant's conviction. Furthermore, the indictment in this case was sufficient to authorize the jury to consider Appellant's guilt for the three counts of sexual assault of a child. The Court, instead, concludes that the evidence is legally insufficient to sustain Appellant's conviction and therefore orders that an acquittal be entered in his case.

I cannot agree with the Court's conclusion. I, therefore, respectfully dissent.

**FILED:**                                                    October 4, 2023
**PUBLISH**

---

[2] This is not to say that the jury charge was wholly flawless. It should not have instructed the jury with respect to one theory of the offense in the abstract-definition portion of the charge (without effective consent) and then instructed the jury with respect to a different theory of the offense (of a child) in the application paragraph. Given that the application paragraph is the part of the charge that specifically informs the jury what it must find in order to convict, and the fact that there is no question the evidence presented supported a conviction under that theory, I see no potential for egregious harm stemming from this defect in the jury charge.